IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02912-CNS-MDB

SHARON DUELL
    Plaintiff,

v.

SANOFI US SERVICES, INC., et al,
    Defendant(s).

---

***PROPOSED*** SCHEDULING ORDER ~~WITH DISPUTED ISSUES~~

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The parties in this matter have conferred to prepare this Proposed Scheduling Order via email in the period between January 8 and 9, 2024. Plaintiff Sharon Duell appears by counsel of record:

> Russell W. Lewis , IV
> Johnson Law Group
> 2925 Richmond Avenue
> Ste 1700
> Houston, TX 77098
> 713-626-9336
> Email: rlewis@johnsonlawgroup.com

Defendants Sanofi US Services Inc. and sanofi-aventis U.S. LLC (collectively "Sanofi") appear

by counsel of record:

    Mariham Yaft
    1660 17th Street, Suite 450
    Denver, CO 80202
    Phone: (303) 285-5300
    Fax: (303) 285-5301
    Email: myaft@shb.com

    Christopher J. Kaufman
    2555 Grand Boulevard
    Kansas City, MO 64108
    Phone: (816) 474-6550
    Fax: (816) 421-5547
    Email: ckaufman@shb.com

## 2. STATEMENT OF JURISDICTION

The Court's subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332. Plaintiff asserts that the amount in controversy exceeds $75,000 and the parties agree there is diversity of citizenship between the parties.

Plaintiff is a citizen of Colorado. Defendant Sanofi US Services Inc. is a Delaware corporation with its principal place of business located in New Jersey. Defendant sanofi-aventis U.S. LLC is a Delaware limited liability company with its principal place of business located in New Jersey. Defendant sanofi-aventis U.S. LLC is a single-member LLC and its sole member is Sanofi US Services Inc. Thus, sanofi-aventis U.S. LLC is a citizen of New Jersey and Delaware.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

Plaintiff alleges that she sustained permanent hair loss when she took Taxotere, a chemotherapy drug used for the treatment of early-stage breast cancer and manufactured by Defendants. Plaintiff's assert products liability claims alleging that Taxotere was defective because its label failed to warn about this risk associated with the drug. As a result of Defendants concealing the full risk regarding being administered Taxotere, Plaintiff was unable to learn that her hair loss was as a result of Defendants' product until the label was changed in December 2015 and Plaintiff subsequently put on notice. Plaintiff then filed her complaint well within Colorado's two-year statute of limitations for product liability claims.

b. Defendants:

Plaintiff's claims are time-barred by Colorado's two-year statute of limitations for product liability claims, C.R.S. § 13-80-102. Ms. Duell received her last dose of Taxotere in May 2015 and filed her complaint on November 27, 2017. Plaintiff's claims are also barred by the learned intermediary doctrine. Further, Sanofi contends that the Taxotere label was approved by the FDA and has always contained adequate, accurate, and scientifically based information that enables doctors to make informed decisions about the benefits and risks of prescribing Taxotere for its approved indications. Sanofi contends that any alleged inadequacy in the warning did not cause Plaintiff's alleged

3

injury.  Sanofi otherwise disputes Plaintiff's claims, including causation and damages.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

- Plaintiff filed her complaint on November 27, 2017.

## 5. COMPUTATION OF DAMAGES

GENERAL DAMAGES

    A. Pain, Suffering, and Inconvenience will be proven at trial.

    B. Emotional Distress will be proven at trial.

    C. Loss of Enjoyment of Life and Disfigurement will be proven at trial.

Plaintiff seeks damages for pain, suffering, inconvenience, loss of enjoyment of life, and disfigurement according to proof at trial, as well as mental and emotional distress associated with the physical injuries claim in the amount of $25,000,000.00. Plaintiff further seeks such other and further relief, at law or in equity, as Plaintiff may show herself justly entitled to or the Court may deem proper.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a. Date of Rule 26(f) meeting.

The parties conferred via email to prepare this proposed scheduling order during the period between January 8 and 9, 2024.

    b.   Names of each participant and party he/she represented.

Plaintiff was represented at the above referenced status conferences by Russell W. Lewis, IV and Pierce Jones. Chris Kaufman and Mariham Yaft represented Sanofi.

    c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties intend to follow the MDL practice to forgo Fed. R. Civ. P. 26(a)(1) disclosures because some discovery was already conducted in an MDL setting.

    d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

As discussed in section 6(c) above, the parties intend to follow the MDL practice to forgo Rule 26(a)(1) initial disclosures.

    e.   Statement concerning any agreements to conduct informal discovery:

Not applicable.

    f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to comply with the following orders entered by the MDL court that were designated in this case: (1) Protective Order, (2) Electronically Stored Information ("ESI") Protocol, and (3) Pretrial Order Governing Plaintiffs' Responsibilities Relevant to ESI. *See* ECF No. 6 Ex. B at 105-17 ("Protective Order"); ECF No. 6 Ex. B at 84-104 ("Pretrial Order No. 49"); ECF No. 6 Ex. B at 133-39 ("Pretrial Order No. 71A").

    g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

5

The parties agree to comply with the following orders entered by the MDL court that were designated in this case: (1) Protective Order, (2) Electronically Stored Information ("ESI") Protocol, and (3) Pretrial Order Governing Plaintiffs' Responsibilities Relevant to ESI.  *See* ECF No. 6 Ex. B at 105-17 ("Protective Order"); ECF No. 6 Ex. B at 84-104 ("Pretrial Order No. 49"); ECF No. 6 Ex. B at 133-39 ("Pretrial Order No. 71A").  Consistent with the practice in the MDL, Plaintiff agrees to provide updated medical records authorizations for the collection of hard copy and/or electronically stored medical records using the MDL-approved versions of such forms.  *See* ECF No. 6 Ex. B at 25-32 ("Amended Pretrial Order No. 22").

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The MDL court appointed a settlement master, John Jackson, to facilitate settlement discussions across the MDL, including cases remanded from the MDL.  To date, such efforts have not resulted in settlement between the parties in this matter.

## 7.
## CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Each party is limited to ten (10) case-specific interrogatories, absent leave of

6

court. The parties also agree to comply with the Deposition Protocol entered in the MDL except to the extent it conflicts with District of Colorado's local rules. *See* ECF No. 6 Ex. B at 10-26 ("Deposition Protocol").

      b.    Limitations which any party proposes on the length of depositions.

The parties agree to comply with the length limitations outlined in Fed. R. Civ. P. 30(d)(1). The parties also agree to comply with the Deposition Protocol entered in the MDL except to the extent it conflicts with District of Colorado's local rules. *See* ECF No. 6 Ex. B at 10-26 ("Deposition Protocol").

      c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each party is limited to ten (10) case-specific requests for production, absent leave of court. Each party is limited to ten (10) case-specific requests for admission, absent leave of court.

      c.    Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

~~July 15, 2024~~.**August 16, 2024**

      e.    Other Planning or Discovery Orders

Not applicable.

### 9. CASE PLAN AND SCHEDULE

      a.    Deadline for Joinder of Parties and Amendment of Pleadings:

**TBD**

~~The parties dispute whether amendments to the pleadings should be permitted. Plaintiff requests until~~ **February 23, 2024** ~~to file a Motion for Leave to Amend her~~

7

~~Complaint. Defendants request until **March 8, 2024** to oppose Plaintiff's Motion for Leave to Amend. The parties will state their respective positions on why amendments should or should not be permitted in their respective briefs.~~

    b.    Discovery Cut-off: ~~**February 3, 2025**~~. **March 14, 2025**

    c.    Dispositive Motion Deadline:

~~Sanofi plans on filing an early motion for summary judgment focused on whether Plaintiff's claims are time-barred by the applicable statute of limitations and/or fail for lack of proof of warnings causation by application of the learned intermediary doctrine following the collection of Plaintiff's medical records and depositions of Plaintiff and Plaintiff's prescribing oncologist. Final dispositive motions on all remaining issues are otherwise due 45 days after the close of discovery, on **March 20, 2025**.~~ **April 28, 2025**

    d.    Expert Witness Disclosure

        1.    The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff's Position: Plaintiff claims she experienced permanent hair loss following treatment for breast cancer with the chemotherapy drug Taxotere. As such, Plaintiff's claims entail complex questions of medical injury, medical causation, and personal and medical damages implicating many diverse aspects of her medical history. These include her cancer diagnosis, care and follow up; any treatment for, diagnosis or discussion of hair loss with any provider; and other health issues bearing on cancer treatment options, hair loss, and potential alternative causes of her alleged injury, including genetic, hormonal, and autoimmune issues. Plaintiff plan to present general and/or case-specific

expert testimony on issues relating to oncology, dermatology (hair loss), dermatopathology (hair loss), and other medical specialty areas (as warranted), in addition to FDA regulatory approval processes for pharmaceutical drugs, epidemiology, biostatistics, causation, and damages.

Sanofi's Position: Plaintiff claims she experienced permanent hair loss following treatment for breast cancer with the chemotherapy drug Taxotere.  As such, Plaintiff's claims entail complex questions of medical injury, medical causation, and personal and medical damages implicating many diverse aspects of her medical history.  These include her cancer diagnosis, care and follow up; any treatment for, diagnosis or discussion of hair loss with any provider; and other health issues bearing on cancer treatment options, hair loss, and potential alternative causes of her alleged injury, including genetic, hormonal, and autoimmune issues.  Defendants plan to present general and/or case-specific expert testimony on issues relating to oncology, dermatology (hair loss), dermatopathology (hair loss), and other medical specialty areas (as warranted), in addition to FDA regulatory approval processes for pharmaceutical drugs, epidemiology, biostatistics, causation, and damages.

2.  Limitations which the parties propose on the use or number of expert witnesses.

Each side shall be limited to one (1) retained expert per area of expertise, absent leave of Court.

~~The parties do not propose any limitations on the use or number of expert witnesses.~~

3.  The parties shall designate all experts and provide opposing

counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

Plaintiff's Expert Disclosures: ~~October 7, 2024~~ November 4, 2024

Defendants' Expert Disclosures: ~~November 18, 2024~~ December 16, 2024

    4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~December 16, 2024.~~ January 27, 2025

    e.    Identification of Persons to Be Deposed:

Plaintiff's position: General discovery was not taken on the issue of punitive damages, as Defendants took the position that such discovery was case/state specific and because *Lexecon* prevented the trial of a case in a jurisdiction that allowed for imposition of punitive damages. The only MDL trials were in Louisiana, where punitive damages are not allowed in this type of case. As such, Plaintiff anticipates potentially deposing Global Safety Officer Amy Freedman and Regulatory Lead Frances Polizzano with respect to this issue. Plaintiff additionally anticipates Plaintiff's treating physician, Plaintiff's oncologist, other medical professionals, cosmetic service providers, sales representatives, and dermatologists will be deposed.

Sanofi's Position: The MDL Transfer Order summarizes the extensive general discovery that has already been completed in the MDL. *See* ECF No. 7 at 79-81 ("The deadline for general discovery against Sanofi expired on December 15, 2018. The Court has denied additional general discovery requests since that time."). This discovery consisted of: (1) the production of more than 576,100 documents (or 6,320,000 pages) from 43 separate custodians, (2) depositions of 28 current and former

Sanofi employees (including Sanofi's 30(b)(6) witnesses), and (3) responses to more than 160 written discovery requests.  *See id.* at 80-81.  This body of general discovery remains available to plaintiffs for use in remanded cases, however, no additional general discovery against Sanofi shall be permitted post-remand.  *See id.* at 116-117 ("Because all general fact and expert discovery has been completed in the MDL, the courts receiving these cases need not be concerned with facilitating general expert, corporate, and third party discovery.  Case-specific discovery and trial preparation, however, will be determined on remand or transfer.").

Sanofi contends that punitive damages discovery was conducted in the MDL and that MDL Plaintiffs' Second Amended Master Complaint alleged punitive damages on behalf of all plaintiffs.  ECF No. 6, Exhibit D at 342, ¶ 320 (requesting "punitive or exemplary damages according to proof").  Sanofi also specifically opposes Plaintiff's request to depose Global Safety Officer Amy Freedman and Regulatory Lead Frances Polizzano because they have already been deposed in the MDL on the same issues Plaintiff now seeks to depose them on and such discovery constitutes an impermissible re-opening of discovery conducted against Sanofi in the MDL, which is not permitted by the MDL Transfer Order.  *See* ECF No. 7 at 79-81, 116-117.

However, minimal case-specific discovery has been conducted in this case.  The parties exchanged Plaintiff and Defendant Fact Sheets in the MDL, however the parties still need to pursue records collection, fact witness depositions (including depositions of Plaintiff's healthcare providers), and case-specific expert discovery.

With this context, Sanofi intends to depose any treating healthcare provider identified in Plaintiff's Fact Sheet, in her medical records, or at her deposition as having any information relevant to the claims and defenses in this case, including Plaintiff's cancer treatment, hair loss, and potential alternative causes of her alleged injury. Sanofi also intends to depose any fact witnesses who Plaintiff intends to call at trial and Plaintiff's designated experts.

## 10.  DATES FOR FURTHER CONFERENCES

**Within 24 hours after the Scheduling Conference and/or the issuance of this Scheduling Order, the parties shall jointly contact chambers by email (Sweeney_Chambers@cod.uscourts.gov) to request a date for Final Pretrial Conference.**

a. ~~Status conferences will be held in this case at the following dates and times:~~

   _____.

b. ~~A final pretrial conference will be held in this case on _____ at o'clock ____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.~~

## 11.  OTHER SCHEDULING MATTERS

**\*\*The parties shall submit a Joint Status Report on or before May 3, 2024.**

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

   The parties will consult the Court in the event they are unable to reach agreement on any discovery issues.

b. Anticipated length of trial and whether trial is to the court or jury.

   The parties anticipate no more than a 10-day trial.  Jury trial is demanded.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street,

Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

The parties do not believe that there are any issues that would be more efficiently or economically conducted in the District Court facilities.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended upon a showing of good cause.

DATED this 1st day of February, 2024.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge

APPROVED:

*s/ Mariham Yaft*
Mariham Yaft
1660 17th Street, Suite 450
Denver, CO 80202
Phone: (303) 285-5300
Fax:     (303) 285-5301
Email: myaft@shb.com

Christopher J. Kaufman
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
Fax:     (816) 421-5547
Email: ckaufman@shb.com

**Counsel for Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.**

/s/ Russell W. Lewis, IV
Russell W. Lewis , IV
**Johnson Law Group**
2925 Richmond Avenue, Ste 1700
Houston, TX 77098
Phone: 713-626-9336
Fax: 713-583-9460
Email: rlewis@johnsonlawgroup.com

**Counsel for Plaintiff**